**UNITED STATES of America, Plaintiff,**

v.

**Lawrence F. BRETTA, Defendant.**

**Crim. No. 84–262–C.**

United States District Court,
D. Massachusetts.

July 18, 1985.

---

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This matter came before the Court on motions to vacate or reduce the sentence of Lawrence F. Bretta, former Regional Administrator of the United States General Services Administration. One motion was filed by defendant's attorney, William S. Brown, Esq., and a second motion was filed *pro se* by Mr. Bretta himself.

On November 20, 1984, after pleading guilty to one count charging extortion, 18

U.S.C. § 1951, defendant was sentenced to four years in the custody of the Attorney General. In his *pro se* motion, defendant provides no information not already known to the Court at the time sentence was imposed other than his statement that, during incarceration, he has maintained an excellent work record and has voluntarily attended numerous rehabilitative and educational programs.

Mr. Bretta also makes a representation that he believed that the Court sentenced him "with the intent that he be incarcerated for a period of time reflected by the 'Guidelines' prevailing in his case, as established by the United States Parole Commission; those being 14–20 months." Defendant also states that he "plead Guilty with the assumption that his sentence would mandate his service of no more than 14–20 months."

The government, in its opposition to defendant's motions, correctly points out that "there is no basis in the record for the defendant's 'belief' set forth in paragraph 8 of his *pro se* motion, and that the defendant's 'assumption' mentioned in paragraph 9 thereof does not afford a ground for relief." I note for the record that, in the course of accepting a guilty plea from Mr. Bretta on October 29, 1984, approximately 3 weeks before sentence was imposed, this Court specifically told Mr. Bretta that, as of that date, the Court, not having had the benefit of a presentence report, had made no decision and had no knowledge of what sentence would actually be imposed if the guilty plea were accepted at the conclusion of that hearing. In light of this Court's explicit statement, Mr. Bretta could not reasonably have believed that this Court intended that he be incarcerated for a period of time reflected by the Guidelines, i.e., 14–20 months. I also rule there is no basis for defendant's assumption, set forth above, that the sentence would mandate no more than 14–20 months.

The motion filed by counsel for Mr. Bretta fails to state any grounds for the allowance thereof despite the provisions in Fed. R.Civ.P. 7(b)(1) that a motion should state

the grounds upon which the movant seeks relief.

Since the date on which Mr. Bretta entered his guilty plea, there has been no significant change in his situation other than the fact, which I judicially notice, that the Honorable John J. McNaught adjudicated Mr. Bretta guilty of civil contempt of this Court on July 11, 1985. This contempt order resulted from defendant's refusal to testify before a federal grand jury after receiving a grant of immunity and after being ordered to testify before that grand jury by the Honorable Rya W. Zobel of this Court. For all of the reasons set forth above, I therefore rule that both motions to reduce sentence should be, and hereby are, denied.